## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1268 | **DATE** | March 10, 2008 |
| **CASE TITLE** | Ricky Hamilton (R-12533) v. J. Allen, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at Hill Correctional Center. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

■ [For further details see text below.]             Docketing to mail notices.

### STATEMENT

       The Court finds that Plaintiff, a prisoner confined at Hill Correctional Center, is unable to prepay the filing fee. The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 43.86 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 1983. He alleges that on May 26, 2005, while he was incarcerated at Stateville Correctional Center, correctional officers were assaulting another inmate. Inmates began yelling in protest. The guards then went from cell to cell and emptied cans of a chemical agent into the cells of the inmates who appeared to be protesting. Plaintiff was close to where the chemical agent was released and began coughing and choking. The guards refused to remove Plaintiff from his cell. A guard tossed a cigarette into a trash bin, which began to burn. Plaintiff suffered the full force of the smoke from the fire, which was burning several feet from his cell, and the lingering effects of the chemical agents. Instead of providing assistance to the inmates inside their cells, guards had a list of inmates and cells that they would spray with a chemical agent and then extract the inmate and assault him. This continued for several hours. Plaintiff seeks money damages.

The Clerk of the Court received Plaintiff's complaint on March 3, 2008, more than two years after the alleged events.

*Wilson v. Garcia*, 471 U.S. 261 (1984), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. The applicable statute in this instance is 735 ILCS 5/13-202 (2006), which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Because more than two years have elapsed since Plaintiff's claims against defendants arose, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

Accordingly, the Court gives Plaintiff 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

*Charles P. Kocoras*
U.S. District Judge