## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1268 | **DATE** | May 29, 2008 |
| **CASE TITLE** | Ricky Hamilton (R-12533) v. J. Allen, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is granted leave to file his complaint [1]. The Clerk shall issue summonses and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]      Docketing to mail notices.

### STATEMENT

      On March 10, 2008, the Court ordered Plaintiff to show cause why his complaint should not be dismissed as untimely. Plaintiff responded that, although he filed a grievance shortly after the events in question, he has never received a response. He therefore could not file his complaint sooner because his administrative remedies had not been exhausted. In *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), the Court of Appeals held that an inmate's administrative remedies are deemed exhausted when prison officials fail to respond to his grievances, thus making the administrative remedies unavailable. Moreover, the time spent in exhausting administrative remedies is tolled for purposes of limitations on filing a federal complaint. *See Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) (holding that "in the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process"). Plaintiff has therefore made a *prima facie* showing that the statute of limitations should be tolled and that his administrative remedies should be deemed exhausted. Plaintiff is accordingly granted leave to file his complaint.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

    The United States Marshals Service is appointed to serve defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, the Illinois Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    The Court denies Plaintiff's motion for appointment of counsel without prejudice for failure to make a showing that he "has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).

**Dated:   May 29, 2008**

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**