FILED
MAY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 03 2008
RECEIVED
MAR 3 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKY HAMILTON

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

ALLEN, EDWARDS, WILSON, GRANT, PALMA, JOHN DOE, GIVENS, DAVIS, BROWN, AND BUCZKOWSKI

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

08CV1268
JUDGE KOCORAS
MAGISTRATE JUDGE BROWN

Case No: _____
(To be supplied by the Clerk of this Court)

CHECK ONE ONLY:

✓ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

___ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

___ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: RICKY HAMILTON

   B. List all aliases: NONE

   C. Prisoner identification number: B12533

   D. Place of present confinement: HILL CORRECTIONAL CENTER

   E. Address: 600 S. LINWOOD RD., P.O. BOX-1700, GALESBURG, IL 61402

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: J. ALLEN
      Title: CORRECTIONAL OFFICER
      Place of Employment: STATEVILLE CORRECTIONAL CENTER

   B. Defendant: EDWARDS
      Title: CORRECTIONAL OFFICER
      Place of Employment: STATEVILLE CORRECTIONAL CENTER

   C. Defendant: GRANT
      Title: SERGEANT
      Place of Employment: STATEVILLE CORRECTIONAL CENTER

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

D. Defendant: Mark Wilson

   Title: Lieutenant

   Place of Employment: Stateville Correction Center

E. Defendant: John Doe

   Title: Correctional Officer                    O

   Place of Employment: Stateville Correctional Center

F. Defendant: Palma

   Title: Correctional Officer

   Place of Employment: Stateville Correctional Center

G. Defendant: Givens

   Title: Lieutenant

   Place of Employment: Stateville Correctional Center

H. Defendant: Davis

   Title: Lieutenant

   Place of Employment: Stateville Correctional Center

I. Defendant: Brown

   Title: Lieutenant

   Place of Employment: Stateville Of Correctional Center

J. Defendant: Buczkowski

   Title: Lieutenant

   Place of Employment: Stateville Correctional Center

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: _____

_____

B. Approximate date of filing lawsuit: _____

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D. List all defendants: _____

_____

_____

_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F. Name of judge to whom case was assigned: _____

_____

G. Basic claim made: _____

_____

_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____

I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV.  **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On the date of May 26, 2005 I was incarcerated in Stateville Correctional Center and housed in the segregation unit of F-House, Cell 134. At or around 8:30 p.m. an incident took place where I witnessed Lieutenant Wilson, Sergeant Grant, Correctional Officer Palma all assaulting an inmate named "Muhammad" (Shabazz Muhammad ID# B82577). It began with Correctional Officer Allen arguing with the inmate while the inmate was in his cell, and against IDOC protocol the inmates cell was opened without him first being cuffed up, when the cell was opened the inmate was attacked by the correctional officers.

All the individuals housed in F. House during this time were able to witness how this inmate was getting severely beaten by the officials even after he was cuffed up; so other inmates began to yell in protest as the inmate was

4

KICKED AND STOMPED BLOODY AND EVENTUALLY DRAGGED INTO THE HALLWAY.

AFTER A SHORT TIME LIEUTENANT DAVIS, LIEUTENANT BROWN, LIEUTENANT BUCHANNAN, LIEUTENANT GIVENS AND LIEUTENANT BUCZKOWSKI ARRIVED IN CELLHOUSE. LIEUTENANT BROWN AND LIEUTENANT GIVENS AT ONE POINT STARTED TO WALK THE FIRST GALLERY AND ONCE THEY REACHED THE AREA OF CELLS 129 AND 130 THE OCCUPANTS OF BOTH CELLS APPEARED TO BE YELLING ABOUT THE TREATMENT OF THE INMATE "MUHAMMAD" AND WHEN THE LIEUTENANTS REACHED THESE CELLS THEY OPENED EACH OF THE CHUCKHOLES AND BOTH LIEUTENANT'S EMPTIED A CAN OF CHEMICAL AGENT INTO ONE OF THE CHUCKHOLES. BOTH LIEUTENANTS THEN WALKED AWAY LAUGHING, WHICH THEN CONTRIBUTED TO AN ADDITIONAL OUTCRY FROM THE INMATES HOUSED IN F. HOUSE AT THIS TIME.

(CONTINUED ON NEXT PAGE)

Being that the Plaintiff was in such close proximity to the are where the chemical agents were released ( The Plaintiff was housed in cell 134 at thetime), the Plaintiff began coughing and CHOKING , from the excessiveness of the sprayings. ,along with several other inmates who were also in proximity to the sprayings.

Eventually the Plaintiff and other inmates began to call out to Sergeant Grant and Lieutenant Wilson to open the back and front entrances to relieve them of the excess chemical agents that were in the air becuase it was extremely hard to breath . Instead of addressing the Plaintiff pleas Lieutenant Wilson along with several other Officers started to dance around and say that that they were alright becuase they had AFLAC insurance and that it was too bad we didnt. This contributed to additional agitation of the overall situation.

The inmates from cells 129 and 130 were taken out of their cells, one individual was taken into the Sergeant's office and placed in a chair and was beaten in the face and body by Lieutenant Givens, Which further contributted tothe aggitation and chaos that was going on that evening.

Moments later Sergeant Grant Began to walk the first floor gallery while smoking a cigarette and he stopped at the back entrance while smoking and he eventually tossed his cigarette towards the trash bin and walked away, a while later the trash started to burn, there were 2 very large trash bins filled with about 15 to 20 large bags of garbage containing toxic styrofoam trays , platies and other miscellaneous pieces of trash including

about 20 large cardboard boxs.

AS the fire began to burn and increase in size it became increasingly harder to breathe with the smoke in conjuction with the chemical agent the was released earier. The Plaintiff and other inmates started yelling for someone to put out the fire and medical attention yet were ignored by all the officials who were banded together AT the front of the cellhouse.The offical instead of seeing to the safety of the inmates they continued to beat and assault the inmates that were taken into the hallway holding area.

When the fire began to rage at its max the water , the lights and all the electricity in the cellhouse was shutoff.The Plaintiff was forced to       suffer the full force of the smoke from the fire which was burning several feet from his cell and the lingering effects of the chemical agents with no fans to circulate air and no water to drink or clear his throat or eyes with. As the Plaintiff states in his initial Grievance he had to result to drinking the unsanitary water out of his toilet.

As the fire burned the Plaintiff states he and others contin-ually called for some type of medical attention but were ignored as more and more officials were gathered and evetually the Orange Crush Tactical team was called , which comprised of about 20 to 30 officers; and instead of them providing any assistance to the inmates who were trapped inside their cells they had a list of inmates and cells they would spray with a chemical agent then extract from their cell and then assault. This went on for several hours.

During the entirty of this incident no Statevill official was injured nor were any shots fired. the only individuals injuredf during the entirty of this incident were the inmates housed in this segregation unit. After the fire was over, which began at or around 9:00 p.m. and did not die out until at or around 2:00 a.m., no medical treatment was provided to the Plaintiff whatsoever.

The totality of these circumstances reflect the ultimate negligent and criminalistic practices of the officials at Stateville Correctional Center against inmates with practices of excessive force , beatings, malicious use of chemical agents and other unconstitutional conditions practiced by the Department of Corrections staff members at Stateville Correctional Center.

**The Defendant, Correctional Officer J.Allen**, was negligent and responsible for the incident which caused the Plaintiff to inhale for hours the toxis smoke from the fires that burned for hours several feet from the Plaintiffs cell and the Defendant C/O J.Allen subjected the Plaintiff to inhale the excess chemical agent that was sprayed. C/O J.Allen was the first person to strike the inmate by the name of Muhammad Shabazz ID#B-82577, which in turn created the chain of events that followed. C/O J.Allen continued to beat and assault the Inmate "Muhammad" in front of the entire cellhouse , causing much aggitation, fear and despair to everyone who watched. C/o J.Allen stood by and watched a very large fire blaze for hours without attempting to put it out for the safety of ther Plaintiff and others housed in F-House at that time, by the time C/O J.Allen did attempt to do something , the fire had died down on it's own

and his effortsn only worsened the situation by making the fire smoke more than it was previously insteads of fully putting it out.Correctional Officer J.Allen's actions and lack of actions in totality show his deliberate indifference which denied the Plaintiff safety and security to his health and show that the Plaintiff was subjected to cruel and unusual punishment.

The Defendant, **Correctional Officer Edwards**,was also a culpable in the incident which subjected the Plaintiff to cruel and unusual punishment and also ultimately denied him protection to his health and safety. C/O Edwards was one of the officials who participated in the initial assault and beating of the inmate "Muhammad" and stood by while other staff members assaulted and sprayed chemical agents upon inmates for no apparent reason, and C/O Edwards failed to attempt to put out the fire that blazed for several hours in the cellhouse he was responsible for.

The Defendant,**Lieutenant Wilson**, was the in-house lieutenant at the time of the incident.Lt.Wilson failed to control his officer's and other staff members when they first broke protocol and opened a segregated inmates cell without first having that inmate secured in restraints.Lt.Wilson failed to stop or prevent the attack on the inmate by his correctional officers and in fact aided in the assault by spraying the inmate with a chemical agent after he was already restrained.Lt.Wilson exhibited deliberate indifference when he ignored the Plaintiff and other inmates pleas for help from the chemical agents and he in fact tauted and mocked the inmates pleas by dancing around saying that luckily he and his officers had **AFLAC** insurance and that it was too bad we did not.Therefore the defendant Lt.Wilson subjected the

Plaintiff to cruel and unusual punishment , Lt.Wilson could have prevented the entire incident had he choose to do so, Lt. Wilson could at anytime ordered someone to put out the fire and stopped the beatings that ensued that evening , ultimately denying the Plaintiff protection of his health and safety.

The Defendant, **Sergeant Grant**, was the in-house sergeant at the time of the incident and bears alot of respomsibility of everything that transpired the evening of May 26,2005.Sergeant Grant subjected the Plaintiff to cruel and unusual punishment and denied the Plaintiff protection of his health and safety by aiding in the initial assault on the inmate "Muhammad", failed to acknowledge the Plaintiff and other inmates plea for help and relief from the fires and chemical agents.Sergeant Grant could have ordered someone to put out the raging fire when it first started inttead he allowed it to burn and endanger tthe life of the Plaintiff.

The Defendant, **Correctional Officer Palma**,subjected the Plaintiff to cruel and unusual punishment and failed to uphold his repponsibilityof protecting  all inmates health and safety, for he assisted int the assault and beating of the inmate "Muhhammad".C/O Palma failed to even attempt  to put out the fire that raged for hours in his cellhouse.This C/O contributted to the further aggitation of the overall situation by tauting the Plaintiff and other inmates when they were pleading for help. C/o Palma also at one point ripped a number of inmates mail infront of the entire cellhouse, which contributed to the overall aggitation of the situation.

The Defendant ,**John Doe,** the Plaintiff is unaware of the name and identity of this defendant but this defendant was the official that was stationed in the tower Of Stateville F-house on May 26,2005 during this incident. The defendant John Doe showed deliberate indifference and subjected the Plaintiff to cruel and unusual punishment by turning off all the electricity, lights, water and toilet functions when the fire began to rage. This is also the Officer who opened the cell of the inmate "Muhammad" without this inmate being in restraints, so officers could assault him.

The Defendant ,**Lieutenant Brown**, wass culpable in the Plaintiff's subjection to cruel and unusual punishment. Liuetenant Brown without warrant and maliciously released a chemical agent upon an inmate , which in turn forced the Plaintiff to suffer the painful effects of the chemical agent also without warrant. Lieutenant Brown failed to protect the health and safety of the Plaintiff for he failed to put fotth any effort to put out the fire and also ignored the Plaintiff and other inmates pleas for sometype of medical attention.

The Defendant,**Lieutenant Givens**, caused the Plaintiff to endure cruel and unusual punishment and demonstrated clear deliberate indifference where he,stood and watched as the fire for hours without attempting to put it out,and maliciously used a chemical agent on an inmate several cells from the Plaintiff therefore subjecting the Plaintiff to suffer the effects also, the Defendant Givens also laughed at the fact that the Plaintiff and other inmates were suffering.Lieutenant Givens also failed to protect the health and safety of the Plaintiffbecause he also assaulted

also assaulted and beat an inmate in the sergeants office,in front of the entire cellhouse causing further aggitation,despare and fear.

    The Defendant,**Lieutenaht "Buck" Buckkowski**, caused the Plaintiff to endure cruel and unusual punishment and demonstrated clear deliberate indifference where he stood and watched as the fire blazed outside of the Plaintiffs cell and at one point stood with fire extinguisher in hand without immediately putting out the fire ,instead waiting until the fire died down almost completely,on its own , before he finally did choose to spray it.

    All of the above defendants contributed to the mental and physical anguish the Plaintiff has suffered due to this incident, that same night of the incident thew Plaintiff requested medical attention yet was told that nothing was wrong with him, therefore was not able to recievee a proper evaluation by trained medical staff.To this day the Plaintiff has suffered reoccuring nightmares and mental anguish due to this incident which he states in his grievance and to the Springfield investigator he spoke to about the incident, that on that he believed he was going to die. The Plaintiff also has developed breathing and heart problems which may be attributtal to the extreme amount of smoke and chemical agents he inhaled that night ,which could have all been avoided if the named officials provided the safety and security as they were hired and sworn to provide under the Eight Amendment of the United States Constitution guarrentees.

**V.   Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I WOULD LIKE TO BE AWARDED $54,000.00 FROM EACH OFFICIAL INVOLVED, FOR COMPENSATORY DAMAGES AS WELL AS NOMINAL AND PUNITIVE DAMAGES FOR THEIR DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT MY HEALTH AND SAFETY FOR THE SUM OF $450,000.00 AND THESE DEFENDANTS BE PROSECUTED FOR CIVIL RIGHTS VIOLATIONS AND WHATEVER THE COURT DEEMS APPROPRIATE

**VI.**   The plaintiff demands that the case be tried by a jury.   ☑ YES   ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this FEB. day of 26, 20 08

*Ricky Hamilton*
(Signature of plaintiff or plaintiffs)

RICKY HAMILTON
(Print name)

R12533
(I.D. Number)

HILL C.C.
P.O. BOX 1700
GALESBURG, IL. 61402
(Address)

State of Illinois    )
                     )
County of Cook       )


### Affidavit

I Anthony Conley, first being duly sworn and under oath depose and say:

I was housed in F-House on the date May 26,2005, and on this date an incident transpired where numerous Stateville correctional officers beat and assaulted an inmate by the name of "Muhammad" in front of the entire cellhouse.

That incident subsequently led and or contributed to the events that followed That evening, in which several Lieutenant's (Brown and Givens) maliciously and without warrant sprayed a chemical agent upon several inmates several cells away fromn Ricky Hamilton and myself.

That spraying led to breathing problems for most of the individuals in the area such as Mr.Hamilton and myself.Mr.Hamilton and myself were pleading for officials to open the back and front entrances or else call for medical assistance to relieve us of the adverse effects of the chemical agents.Instead of the officials addressing our pleas for help they mocked and taunted us by stating "To bad for yall,luckily for us we have AFLAC".

Eventually I witnessed Sergeant Grant around the back entrance smoking a ciggarette, which he threw into the garbage and that garbage subsequently caught fire and burned for apprx. 4 hours. When the fire began to blaze several feet from Mr.Hamilton's cell I heard him calling out to several officer's and Lieutenant's to come put out the fire and get him a nurse because he said he could hardly breathe, yet the officials chose to ignore all of his and my pleas for help. The officials turned off all electricity, lights and water at one point and left them off through the entire ordeal

which made the situation much worse.

At one point it was revealed to me that on May 30, 2005 C/O. Palmer had destroyed all mail and grievances that were turned in concerning the May 26th incident. This was only one instance of several that I personally heard or witnessed that displayed the officials at Stateville C.C. wanted to cover-up the May, 26, 2005 incident.

Pursuant to 28 Usc 1746, 18 Usc 1621, or 735 Ilcs 5/109, under penalty of perjury, I declare everything contained herein is true and accurate to the best of my knowledge and belief.

Signed on this  Jan    day of   23    , 2008

_Anthony Conley_
AFFIANT

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: MAY 29, 2005
Offender: (Please Print) RICKY HAMILTON
ID#: R12533

Present Facility: STATEVILLE
Facility where grievance issue occurred: STATEVILLE

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [x] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___  Date of Report  _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ON THE DATE OF MAY, 26-2005, I, MR. HAMILTON-R12533 WAS IN CELL F-132 AND AT OR AROUND 8:30 THERE WAS A VERY BIG INCIDENT THAT TOOK PLACE WHEREAS CORRECTIONAL OFFICERS CREATED A FIGHT WITH AN INMATE KNOWN AS "MUHAMMAD" IN CELL F-109 AND AFTER THE BEATING OF THAT INMATE THERE WAS ABOUT 12 TO 14 OR MORE C/O's THAT CAME TO THE UNIT ALONG WITH TWO LT's (BROWN & GIVENS), THE TWO LT's THEN WALKED THE FIRST FLOOR GALLERY IN F-HOUSE AND ONCE THE TWO LT's MADE IT TO CELLS 129 AND 130

Relief Requested: I AM REQUESTING $54,000.00 FROM EACH OFFICIAL INVOLVED IN THIS INCIDENT AND $450,000.00 FOR MY PAIN AND SUFFERING.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Ricky Hamilton    R12533    5/29/05
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

Print Counselor's Name    Counselor's Signature    Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated.
  Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

C.C.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

THEY EACH PULLED OUT A CAN OF MACE EACH AND PLACED THEM INTO THE CHUCKHOLE AND PROCEEDED TO EMPTY THE CANS OF MACE IN THAT CELL. BEING THAT I WAS IN CELL 132 AND IN SUCH CLOSE PROXIMITY I BEGAN TO VIOLENTLY GAGE FOR BREATH AND HAD MY CELLMATE ALONG WITH SEVERAL OTHER INMATES BEGAN TO CALL FOR A MED-TECH BUT WE WERE TOLD THAT THERE WAS NOTHING WRONG WITH US. RIGHT AFTER ALL OF THIS A SGT. AND LT. WILSON WERE IN THE FRONT OF THE CELLHOUSE LAUGHING AND DANCING YELLING THAT THEY WERE OK. BECAUSE THEY HAD AFLAC C/O EDWARDS, C/O ALLEN, C/O PALMA AND LT. WILSON WERE THE ONES THAT CREATED THIS INCIDENT. THIS ALL STEMMING AFTER INMATE "MUHAMMAD" OF CELL 109 WAS ALLOWED OUT OF HIS CELL WITH NO HANDCUFFS TO FIGHT WITH SEVERAL C/O's.

AFTER THE SGT. & LT. WILSON WERE LAUGHING ABOUT THEIR INSURANCE THE SGT. BEGAN TO WALK 1 GALLERY WITH A LONG CIGARETTE AND WHEN HE MADE IT TO THE BACK EXIT WITH HIS CIGARETTE. HE FLICKED IT INTO THE TRASH, WHEREAS LATER ON THE TRASH BINS, WHICH WERE IN FRONT OF CELLS 130 & 129, BEGAN TO BURN, AND THE SGT. ALONG WITH THE OTHER WORKING LT.'S & C/O's STOOD IN FRONT OF THE CELLHOUSE AND WATCHED AS THE FIRE CONSUMED BOTH TRASH BINS AND WHILE THIS WAS HAPPENING THE POWER IN F-HOUSE WAS SHUT OFF WHICH RESULTED IN NO LIGHTS, NO WATER, AND THE TOILETS WERE NOT WORKING. DURING THIS TIME I WAS CHOKING AND GAGING EXTREMELY HARD FROM NOT ONLY THE MACE THAT WAS LINGERING BUT ALSO FROM THE ENORMOUS FIRE THAT BURNING RIGHT BY MY CELL. I WAS UNDER THE IMPRESSION THAT I WAS GOING TO DIE, I RESULTED IN HAVING TO DRINK WATER OUT OF THE TOILET, MY CHEST AND SINUSES WHERE HURTING FOR 2 TO 3 DAYS, I ASKED THE MED-TECHS THOMAS AND WENDY COULD I BE ALLOWED TO SEE THE DOCTOR AND NOBODY WAS ALLOWED TO SEE THE DOCTOR FOR ABOUT A WEEK.

I AM REQUESTING $54,000.00 FROM EACH OFFICIAL THAT STOOD BY AND WATCHED THE FIRE BURN BY MY CELL AND IGNORED MY PLEAS FOR MEDICAL ASSISTANCE. THE MAJOR PERPATRATORS BEING LT "BUCK" AND C/O ALLEN THAT STOOD AT THE BACK DOOR WITH A SPRAY CAN AND DID NOT SPRAY UNTIL THE FIRE WENT OUT, A FIRE THAT CONTAINED 12 TO 15 LARGE BAGS OF TRASH CONTAINING TOXIC STYROFOAM TRAYS ALONG WITH THE PLASTIC OF THE TRASH BIN ITSELF. THIS FIRE WENT ON FOR 2 SHIFTS, NOT ONE OFFICIAL WAS INJURED AND NO SHOTS WERE FIRED, ONLY INMATES WERE INJURED BY THIS INCIDENT. I WOULD LIKE TO BE AWARDED $450,000.00 FOR MY PAIN AND SUFFERING.