## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1268 | **DATE** | July 23, 2008 |
| **CASE TITLE** | Ricky Hamilton (R-12533) v. J. Allen, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [17] is denied without prejudice. The Clerk is directed to issue alias summonses to Correctional Officer Edwards and Lieutenant Davis. When Plaintiff receives the USM-285 forms from the Marshal, he must provide more information in order to identify defendants Edwards and Davis, such as a first name and/or badge number or a physical description or the shift and location and time and date of the incident.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Ricky Hamilton moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote,* 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d 649, 656 (7th Cir. 2004). In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. After defendants have been served and had an opportunity to answer or otherwise plead to the complaint, the Court may reconsider appointment of counsel. However, at this time, Plaintiff's motion for appointment of counsel is denied without prejudice.

*Charles P. Kocoras*
U.S. District Judge

| | Courtroom Deputy Initials: | CLH |
|---|---|---|