**U.S. Department of Justice**
**United States Marshals Service**

## PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Ricky Hamilton | 08C1268 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| V.J. Allen, et al. | Alias S/C |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Lieutenant Davis, Stateville Correctional Center

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

**AT** S.C.C., C/o Legal Dept., P.O. Box 112, Joliet, IL 60434

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Ricky Hamilton, R-12533<br>Hill-HIL<br>P.O. Box 1700<br>Galesburg, IL 61401 | Number of process to be served with this Form - 285: **1**<br><br>Number of parties to be served in this case: **2**<br><br>Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

If possible please provide a physical description.

Lieutenant Anthony Davis

**F I L E D**
8-26-2008
AUG 26 2008 YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>07-29-08 |
|---|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process **2 of 2** | District of Origin No. **24** | District to Serve No. **24** | Signature of Authorized USMS Deputy or Clerk | | Date<br>07-29-08 |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|

| Address *(complete only if different than shown above)*<br>Unable to serve. Stateville has more than one Lt. Davis employed. | Date of Service<br>8/20/08 | Time<br>am / pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| No service fee | charged same case # | | | | location. See process sheet #1 | |

REMARKS: 8-14-08 mailed certified mail 7007-0710-0000-9600-0665 w/waiver

| **PRIOR EDITIONS MAY BE USED** | **1.  CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|



**Illinois
Department of
Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

DOC Legal Services / Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet , IL 60434 / Telephone: (815) 727-3623
Fax: (815) 727-3669
TDD: (800) 526-0844

August 20, 2008

Tomas Dicosta, Civil Desk
U.S. Marshals Service
2444 Dirksen Federal Building
219 S. Dearborn Street
Chicago, IL 60604

RE: HAMilton v Allen
08 C1268

Dear Ms. Dicosta:

    Enclosed please find complaint(s) and waiver form(s) regarding the above-captioned civil
action for the below-named individual(s). I am unable to effectuate service for the noted reasons.

C/o Edwards
Lt. Davis
    Unable to identify. Stateville Correctional
    Center has more than one employed.

I trust you will find this responsive.

Sincerely,

Rebecca Hunter
Acting Litigation Coordinator
Stateville Correctional Center

cc:    File

# United States District Court
### Northern District of Illinois

### ALIAS SUMMONS IN A CIVIL ACTION

Ricky Hamilton

vs.

Allen et al

**CASE NUMBER:** 08-cv-1268

**JUDGE:** Kocoras

**TO:**    Lieutenant Davis

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

|  |  |
|---|---|
| Name | Ricky Hamilton |
|  | R-12533 |
| Address | Hill - HIL |
|  | P.O. Box 1700 |
|  | Galesburg, IL 61401 |

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Kinielle Johnson
Deputy Clerk

Dated: July 22, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                    Date                                Signature of Server

                                              _____
                                              Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1268 | **DATE** | July 21, 2008 |
| **CASE TITLE** | Ricky Hamilton (R-12533) v. J. Allen, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to issue alias summons to Defendants Lieutenant Davis and Correctional Officer Edwards. When Plaintiff receives the USM-285 forms from the Marshal, he must provide more information in order to identify Defendants Davis and Edwards, such as a first name and/or badge number or a physical description or the shift and location and time and date of the incident.

*Charles P. Kocoras*

U.S. District Judge

Docketing to mail notices.

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK

BY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

DATE: 7/22/08

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**FILED**    KC

**MAY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 03 2008

**RECEIVED**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAR  3 2008 $m\beta$

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

RICKY HAMILTON

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

ALLEN, EDWARDS,
WILSON, GRANT,
PALMA, JOHN DOE,
GIVENS, DAVIS, BROWN,
AND BUCZKOWSKI

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

08CV1268
JUDGE KOCORAS
MAGISTRATE JUDGE BROWN

Case No: _____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

✓        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         **U.S. Code** (state, county, or municipal defendants)

_____   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
         **28 SECTION 1331 U.S. Code** (federal defendants)

_____   **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.   Name: RICKY HAMILTON

B.   List all aliases: NONE

C.   Prisoner identification number: R12533

D.   Place of present confinement: HILL CORRECTIONAL CENTER

E.   Address: 600 S. LINWOOD RD, P.O. BOX-1700, GALESBURG, IL 61402

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.   Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.   Defendant: J. ALLEN

Title: CORRECTIONAL OFFICER

Place of Employment: STATEVILLE CORRECTIONAL CENTER

B.   Defendant: EDWARDS

Title: CORRECTIONAL OFFICER

Place of Employment: STATEVILLE CORRECTIONAL CENTER

C.   Defendant: GRANT

Title: SERGEANT

Place of Employment: STATEVILLE CORRECTIONAL CENTER

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

D.  Defendant: Mark Wilson

Title:  Lieutenant

Place of Employment: Stateville Correction Center

E.  Defendant: John Doe

Title: Correctional Officer                                    O

Place of Employment: Stateville Correctional Center

F.  Defendant: Palma

Title: Correctional Officer

Place of Employment:  Stateville Correctional Center

G. Defendant: Givens

Title: Lieutenant

Place of Employment: Stateville Correctional Center

H. Defendant: Davis

Title: Lieutenant

Place of Employment: Stateville Correctional Center

I. Defendant: Brown

Title: Lieutenant

Place of Employment: Stateville Of Correctional Center

J. Defendant: Buczkowski

Title: Lieutenant

Place of Employment: Stateville Correctional Center

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: _____
_____

B.  Approximate date of filing lawsuit: _____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D.  List all defendants: _____
_____
_____
_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.  Name of judge to whom case was assigned: _____
_____

G.  Basic claim made: _____
_____
_____

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
_____
_____

I.  Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.** **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On THE DATE of MAY 26, 2005 I WAS INCARCERATED IN STATEVILLE CORRECTIONAL CENTER AND HOUSED IN THE SEGREGATION UNIT OF F.HOUSE, CELL 134. AT OR AROUND 8:30 P.M. AN INCIDENT TOOK PLACE WHERE I WITNESSED LIEUTENANT WILSON, SERGEANT GRANT, CORRECTIONAL OFFICER PALMA ALL ASSAULTING AN INMATE NAMED "MUHAMMAD" (SHABAZZ MUHAMMAD ID# B82577). IT BEGAN WITH CORRECTIONAL OFFICER ALLEN ARGUING WITH THE INMATE WHILE THE INMATE WAS IN HIS CELL, AND AGAINST IDOC PROTOCOL THE INMATES CELL WAS OPENED WITHOUT HIM FIRST BEING CUFFED UP. WHEN THE CELL WAS OPENED THE INMATE WAS ATTACKED BY THE CORRECTIONAL OFFICERS.

ALL THE INDIVIDUALS HOUSED IN F.HOUSE DURING THIS TIME WERE ABLE TO WITNESS HOW THIS INMATE WAS GETTING SEVERELY BEATEN BY THE OFFICIALS EVEN AFTER HE WAS CUFFED UP.; SO OTHER INMATES BEGAN TO YELL IN PROTEST AS THE INMATE WAS

KICKED AND STOMPED BLOODY AND EVENTUALLY DRAGGED INTO THE HALLWAY.

AFTER A SHORTTIME LIEUTENANT DAVIS, LIEUTENANT BROWN, LIEUTENANT BUCHANNAN, LIEUTENANT GIVENS AND LIEUTENANT BUCZKOWSKI ARRIVED IN CELLHOUSE. LIEUTENANT BROWN AND LIEUTENANT GIVENS AT ONE POINT STARTED TO WALK THE FIRST GALLERY AND ONCE THEY REACHED THE AREA OF CELLS 129 AND 130 THE OCCUPANTS OF BOTH CELLS APPEARED TO BE YELLING ABOUT THE TREATMENT OF THE INMATE "MUHAMMAD" AND WHEN THE LIEUTENANTS REACHED THESE CELLS THEY OPENED EACH OF THE CHUCKHOLES AND BOTH LIEUTENANT'S EMPTIED A CAN OF CHEMICAL AGENT INTO ONE OF THE CHUCKHOLES. BOTH LIEUTENANTS THEN WALKED AWAY LAUGHING, WHICH THEN CONTRIBUTED TO AN ADDITIONAL OUTCRY FROM THE INMATES HOUSED IN F. HOUSE AT THIS TIME.

(CONTINUED ON NEXT PAGE)

5

Being that the Plaintiff was in such close proximity to the are where the chemical agents were released ( The Plaintiff was housed in cell 134 at thetime), the Plaintiff began coughing and CHOKING from the excessiveness of the sprayings. ,along with several other inmates who were also in proximity to the sprayings.

Eventually the Plaintiff and other inmates began to call out to Sergeant Grant and Lieutenant Wilson to open the back and front entrances  to relieve them of the excess chemical agents that were in the air  becuase it was extremely hard to breath . Instead of addressing the Plaintiff· pleas Lieutenant Wilson along with several other Officers started to dance around and say that that they were alright becuase they had AFLAC insurance and that it was too bad we didnt. This contributed to additional agitation of the overall situation.

The  inmates from cells 129 and 130 were taken out of their cells, one individual was taken into the Sergeant's office and placed in a chair and was beaten in the face and body by Lieutenant Givens, Which further contributted tothe aggitation and chaos that was going on that evening.

Moments later Sergeant Grant Began to walk the first floor gallery  while smoking a cigarette and he stopped at the back entrance while smoking and he eventually tossed his cigarette towards the trash bin and walked away, a while later the trash started to burn, there were 2 very large trash bins filled with about 15 to 20 large bags of garbage containing toxic styrofoam trays , platies and other miscellaneous pieces of trash including

about 20 large cardboard boxs.

As the fire began to burn and increase in size it became
increasingly harder to breathe with the smoke in conjuction
with the chemical agent the was released earier. The Plaintiff
and other inmates started yelling for someone to put out the
fire and medical attention yet were ignored by all the officials
who were banded together ᴬᵀ the front of the cellhouse.The offical
instead of seeing to the safety of the inmates they continued
to beat and assault the inmates that were taken into the hallway
holding area.

When the fire began to rage at its max the water , the
lights and all the electricity in the cellhouse was shutoff.The
Plaintiff was forced to '    ...    suffer the full force of the
smoke from the fire which was burning several feet from his
cell and the lingering effects of the chemical agents with no
fans to circulate air and no water to drink or clear his throat
or eyes with. As the Plaintiff states in his initial Grievance
he had to result to drinking the unsanitary water out of his
toilet.

As the fire  burned the Plaintiff states he and otherscontin-
ually called for some type of medical attention but were ignored
as more and more officials were gathered and evetually the Orange
Crush Tactical team was called , which comprised of about 20 to 30
officers; and instead of them providing any assistance to the inmates
who were trapped inside their cells they had a list of inmates and
cells they would spray with a chemical agent then extract from
their cell and then assault. This went on for several hours.

During the entirty of this incident no Statevill official
was injured nor were any shots fired. the only individuals injuredf
during the entirty of this incident were the inmates housed
in this segregation unit.After the fire was over, which began
at or around 9:00 p.m. and did not die out until at or around
2:00 a.m., no medical treatment was provided to the Plaintiff
whatsoever.

The totality of these circumstances reflect the ultimate
negligent and criminalistic practices of the officials at Stateville
Correctional Center against inmates  with practices of excessive
force , beatings, malicious use of chemical agents and other
unconstitutional conditions practiced by the Department of Correct-
ions staff members at Stateville Correctional Center.

**The Defendant,Correctional Officer J.Allen**, was negligent
and responsible for the incident which caused the Plaintiff
to inhale for hours the toxis smoke from the fires that burned
for hours several feet from the Plaintiffs cell and the Defendant
C/O J.Allen subjected the Plaintiff to inhale the excess chemical
agent that was sprayed.C/O J.Allen was the first person to strike
the inmate by the name of Muhammad Shabazz ID#B-82577, which
in turn created the chain of events that followed.C/O J.Allen
continued to beat and assault the Inmate "Muhammad" in front
of the entire cellhouse , causing much aggitation,fear and
despair to everyone who watched.C/o J.Allen stood by and watched
a very large fire blaze for hours without attempting to put
it out for the safety of ther Plaintiff and others housed in
F-House at that time, by the time C/O J.Allen did attempt to
do something , the fire had died down on it's own

and his effortsn only worsened the situation by making the fire
smoke more than it was previously insteads of fully putting
it out.Correctional Officer J.Allen's actions and lack of actions
in totality show his deliberate indifference which denied the
Plaintiff safety and security to his health and show that the
Plaintiff was subjected to cruel and unusual punishment.

The Defendant, **Correctional Officer Edwards**,was also a
culpable in the incident which subjected the Plaintiff to cruel
and unusual punishment and also ultimately denied him protection
to his health and safety. C/O Edwards was one of the officials
who participated in the initial assault and beating of the inmate
"Muhammad" and stood by while other staff members assaulted
and sprayed chemical agents upon inmates for no apparent reason,
and C/O Edwards failed to attempt to put out the fire that blazed
for several hours in the cellhouse he was responsible for.

The Defendant,**Lieutenant Wilson**, was the in-house lieutenant
at the time of the incident.Lt.Wilson failed to control his
officer's and other staff members when they first broke protocol
and opened a segregated inmates cell without first having that
inmate secured in restraints.Lt.Wilson failed to stop or prevent
the attack on the inmate by his correctional officers and in
fact aided in the assault by spraying the inmate with a chemical
agent after he was already restrained.Lt.Wilson exhibited deliberate
indifference when he ignored the Plaintiff and other inmates
pleas for help from the chemical agents and he in fact tauted
and mocked the inmates pleas by dancing around saying that luckily
he and his officers had **AFLAC** insurance and that it was too
bad we did not.Therefore the defendant Lt.Wilson subjected the

Plaintiff to cruel and unusual punishment , Lt.Wilson could
have prevented the entire incident had he choose to do so,
Lt. Wilson could at anytime ordered someone to put out the fire
and stopped the beatings that ensued that evening , ultimately
denying the Plaintiff protection of his health and safety.

The Defendant, **Sergeant Grant**, was the in-house sergeant
at the time of the incident and bears alot of responsibility
of everything that transpired the evening of May 26,2005.Sergeant
Grant subjected the Plaintiff to cruel and unusual punishment
and denied the Plaintiff protection of his health and safety
by aiding in the initial assault on the inmate "Muhammad", failed
to acknowledge the Plaintiff and other inmates plea for help
and relief from the fires and chemical agents.Sergeant Grant
could have ordered someone to put out the raging fire when it
first started instead he allowed it to burn and endanger the
life of the Plaintiff.

The Defendant, **Correctional Officer Palma**,subjected the Plain-
tiff to cruel and unusual punishment and failed to uphold his repp-
onsibilityof protecting  all inmates health and safety, for he as-
sisted int the assault and beating of the inmate "Muhhammad".C/O
Palma failed to even attempt  to put out the fire that raged
for hours in his cellhouse.This C/O contributted to the further
aggitation of the overall situation by tauting the Plaintiff
and other inmates when they were pleading for help. C/o Palma
also at one point ripped a number of inmates mail infront of
the entire cellhouse, which contributed to the overall aggitation
of the situation.

The Defendant ,**John Doe,** the Plaintiff is unaware of the
name and identity of this defendant but this defendant was the
official that was stationed in the tower Of Stateville F-house
on May 26,2005 during this incident. The defendant John Doe
showed deliberate indifference and subjected the Plaintiff to
cruel and unusual punishment by turning off all the electricity,
lights, water and toilet functions when the fire began to rage.
This is also the Officer who opened the cell of the inmate
"Muhammad" without this inmate being in restraints, so officers
could assault him.

The Defendant ,**Lieutenant Brown,** wass culpable in the Plaintiff's
subjection to cruel and unusual punishment. Liuetenant Brown
without warrant and maliciously released a chemical agent upon
an inmate , which in turn forced the Plaintiff to suffer the
painful effects of the chemical agent also without warrant.
Lieutenant Brown failed to protect the health and safety of
the Plaintiff for he failed to put forth any effort to put out
the fire and also ignored the Plaintiff and other inmates pleas
for sometype of medical attention.

The Defendant,**Lieutenant Givens,** caused the Plaintiff to
endure cruel and unusual punishment and demonstrated clear
deliberate indifference where he,stood and watched as the fire
for hours without attempting to put it out,and maliciously used
a chemical agent on an inmate several cells from the Plaintiff
therefore subjecting the Plaintiff to suffer the effects also,
the Defendant Givens also laughed at the fact that the Plaintiff
and other inmates were suffering.Lieutenant Givens also failed
to protect the health and safety of the Plaintiffbecause he
also assaulted

also assaulted and beat an inmate in the sergeants office,in
front of the entire cellhouse causing further aggitation,despare
and fear.

The Defendant,**Lieutenant "Buck" Buckkowski**, caused the
Plaintiff to endure cruel and unusual punishment and demonstrated
clear deliberate indifference where he stood and watched as
the fire blazed outside of the Plaintiffs cell and at one point
stood with fire extinguisher in hand without immediately putting
out the fire ,instead waiting until the fire died down almost
completely,on its own , before he finally did choose to spray
it.

All of the above defendants contributed to the mental and
physical anguish the Plaintiff has suffered due to this incident,
that same night of the incident thew Plaintiff requested medical
attention yet was told that nothing was wrong with him, therefore
was not able to recievee a proper evaluation by trained medical
staff.To this day the Plaintiff has suffered reoccuring night-
mares and mental anguish due to this incident which he states
in his grievance and to the Springfield investigator he spoke
to about the incident, that on that he believed he was going
to die. The Plaintiff also has developed breathing and heart
problems which may be attributtal to the extreme amount of smoke
and chemical agents he inhaled that night ,which could have
all been avoided if the named officials provided the safety
and security as they were hired and sworn to provide under the
Eight Amendment of the United States Constitution guarrentees.

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

I WOULD LIKE TO BE AWARDED $54,000.00 FROM EACH OFFICIAL INVOLVED, FOR COMPENSATERY DAMAGES AS WELL AS NOMINAL AND PUNITIVE DAMAGES FOR THEIR DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT MY HEALTH AND SAFETY FOR THE SUM OF $450,000.00 AND THESE DEFENDANTS BE PROSECUTED FOR CIVIL RIGHTS VIOLATIONS AND WHATEVER THE COURT DEEMS APPROPRIATE

**VI.    The plaintiff demands that the case be tried by a jury.    ☑ YES    ☐ NO**

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _FEB._ day of _26_ , 20 _08_

_Ricky Hamilton_

(Signature of plaintiff or plaintiffs)

_RICKY HAMILTON_
(Print name)

_P12533_
(I.D. Number)

_HILL C.C._
_P.O. BOX 1700_
_GALESBURG, IL. 61402_
(Address)

6                                                    Revised 9/2007

State of Illinois     )
                      )
County of Cook        )

## Affidavit

I Anthony Conley, first being duly sworn and under oath
depose and say:

I was housed in F-House on the date May 26,2005, and on this
date an incident transpired where numerous Stateville correctional
officers beat and assaulted an inmate by the name of "Muhammad"
in front of the entire cellhouse.

That incident subsequently led and or contributed to the events
that followed That evening, in which several Lieutenant's (Brown
and Givens) maliciously and without warrant sprayed a chemical
agent upon several inmates several cells away fromn Ricky Hamilton
and myself.

That spraying led to breathing problems for most of the indi-
viduals in the area such as Mr.Hamilton and myself.Mr.Hamilton
and myself were pleading for officials to open the back and front
entrances or else call for medical assistance to relieve us of the
adverse effects of the chemical agents.Instead of the officials
addressing our pleas for help they mocked and taunted us by
stating "To bad for yall,luckily for us we have AFLAC".

Eventually I witnessed Sergeant Grant around the back entrance
smoking a ciggarette, which he threw into the garbage and that
garbage subsequently caught fire and burned for apprx. 4 hours.
When the fire began to blaze several feet from Mr.Hamilton's cell
I heard him calling out to several officer's and Lieutenant's to
come put out the fire and get him  a nurse because he said he could
hardly breathe, yet the officials chose to ignore all of his and
my pleas for help. The officials turned off all electricity, lights
and water at one point and left them off through the entire ordeal

which made the situation much worse.

At one point it was revealed to me that on May 30,2005 C.O. Palmer had destroyed all mail and grievances that were turned in concerning the May 26th incident. This was only one instance of several that I personally heard or witnessed that displayed the officials at Stateville C.C. wanted to cover-up the May,26,2005 incident.

Pursuant to 28 Usc 1746, 18 Usc 1621, or 735 Ilcs 5/109, under penalty of perjury, I declare everything contained herein is true and accurate to the best of my knowledge and belief.

Signed on this _Jan_ day of _23_ ,2008

Anthony Conley
AFFIANT

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: MAY 29, 2005 | Offender: (Please Print) RICKY HAMILTON | ID#: R12533 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☑ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____
Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: ON THE DATE OF MAY, 26 - 2005, I, MR. HAMILTON - R12533 WAS IN CELL F-132 AND AT OR AROUND 8:30 THERE WAS A VERY BIG INCIDENT THAT TOOK PLACE WHEREAS CORRECTIONAL OFFICERS CREATED A FIGHT WITH AN INMATE KNOWN AS "MUHAMMAD" IN CELL F.109 AND AFTER THE BEATING OF THAT INMATE THERE WAS ABOUT 12 TO 14 OR MORE C/O's THAT CAME TO THE UNIT ALONG WITH TWO LT's (BROWN & GIVENS), THE TWO LT's THEN WALKED THE FIRST FLOOR GALLERY IN F. HOUSE AND ONCE THE TWO LT's MADE IT TO CELLS 129 AND 130

Relief Requested: I AM REQUESTING $54,000.00 FROM EACH OFFICIAL INVOLVED IN THIS INCIDENT AND $450,000.00 FOR MY PAIN AND SUFFERING.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Ricky Hamilton | R12533 | 5/29/05 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | |
|---|---|
| Date Received: ____/____/____ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ____/____/____ |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____

| Chief Administrative Officer's Signature | Date ____/____/____ |
|---|---|

C.C.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

THEN EACH PULLED OUT A CAN OF MACE EACH AND PLACED THEM INTO THE CHUCKHOLE AND PROCEEDED TO EMPTY THE CANS OF MACE IN THAT CELL. BEING THAT I WAS IN CELL 132 AND IN SUCH CLOSE PROXIMITY I BEGAN TO VIOLENTLY GAGE FOR BREATH AND HAD MY CELLMATE ALONG WITH SEVERAL OTHER INMATES BEGAN TO CALL FOR A MED-TECH BUT WE WERE TOLD THAT THERE WAS NOTHING WRONG WITH US, RIGHT AFTER ALL OF THIS A SGT. AND LT. WILSON WERE IN THE FRONT OF THE CELLHOUSE LAUGHING AND DANCING YELLING THAT THEY WERE OK BECAUSE THEY HAD AFIAC S/O EDWARDS, S/O ALLEN, S/O PALMA AND LT. WILSON WERE THE ONES THAT CREATED THIS INCIDENT, THIS ALL STEMMING AFTER INMATE "MUHAMMAL" OF CELL 109 WAS ALLOWED OUT OF HIS CELL WITH NO HANDCUFFS TO FIGHT WITH SEVERAL C/O's.

AFTER THE SGT & LT WILSON WERE LAUGHING ABOUT THEIR INSURANCE THE SGT. BEGAN TO WALK 1 GALLERY WITH A LONG CIGARETTE AND WHEN HE MADE IT TO THE BACK EXIT WITH HIS CIGARETTE, HE FLICKED IT INTO THE TRASH, WHEREAS LATER ON THE TRASH BINS, WHICH WERE IN FRONT OF CELLS 130 & 129, BEGAN TO BURN, AND THE SGT. ALONG WITH THE OTHER WORKING LT.'S & C/O's STOOD IN FRONT OF THE CELLHOUSE AND WATCHED AS THE FIRE CONSUMED BOTH TRASH BINS AND WHILE THIS WAS HAPPENING THE POWER IN F. HOUSE WAS SHUT OFF WHICH RESULTED IN NO LIGHTS, NO WATER, AND THE TOILETS WERE NOT WORKING. DURING THIS TIME I WAS CHOKING AND GAGING EXTREMELY HARD FROM NOT ONLY THE MACE THAT WAS LINGERING BUT ALSO FROM THE ENORMOUS FIRE THAT BURNING RIGHT BY MY CELL, I WAS UNDER THE IMPRESSION THAT I WAS GOING TO DIE. I RESULTED IN HAVING TO DRINK WATER OUT OF THE TOILET, MY CHEST AND SINUSES WHERE HURTING FOR 2 TO 3 DAYS, I ASKED THE MED-TECHS THOMAS AND WENDY COULD I BE ALLOWED TO SEE THE DOCTOR AND NOBODY WAS ALLOWED TO SEE THE DOCTOR FOR ABOUT A WEEK.

I AM REQUESTING $54,000.00 FROM EACH OFFICIAL THAT STOOD BY AND WATCHED THE FIRE BURN BY MY CELL AND IGNORED MY PLEAS FOR MEDICAL ASSISTANCE. THE MAJOR PERPATRATORS BEING LT "BUKK" AND C/O ALLEN THAT STOOD AT THE BACK DOOR WITH A SPRAY CAN AND DID NOT SPRAY UNTIL THE FIRE WENT OUT, A FIRE THAT CONTAINED 12 TO 15 LARGE BAGS OF TRASH CONTAINING TOXIC STYROFOAM TRAYS ALONG WITH THE PLASTIC OF THE TRASH BIN ITSELF. THIS FIRE WENT ON FOR 2 SHIFTS, NOT ONE OFFICIAL WAS INJURED AND NO SHOTS WERE FIRED, ONLY INMATES WERE INJURED BY THIS INCIDENT, I WOULD LIKE TO BE ALLOWED $450,000.00 FOR MY PAIN AND SUFFERING.

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO: Ricky Hamilton**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Lieutenant Davis                    acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of  Ricky Hamilton vs. J.Allen, et al.
(CAPTION OF ACTION)

which is case number  08C1268                     in the United States District Court for the
(DOCKET NUMBER)

Northern District of  Illinois                    .
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  August 14, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____                  _____
DATE                                                SIGNATURE


Printed/Typed Name: _____


As _____ of _____
      TITLE                                        CORPORATE DEFENDANT


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.