UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RICKY HAMILTON R12533, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 1268 |
| | ) | |
| J. ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants J. Allen, Edwards, Grant, Mark Wilson, John Doe, Palma, Givens, Davis, Brown, and Buczkowski ("Defendants") for summary judgment of Plaintiff Ricky Hamilton ("Hamilton")'s complaint for failing to exhaust administrative remedies. For the following reasons, the motion is granted.

## BACKGROUND

Hamilton is a *pro se* litigant currently incarcerated by the Illinois Department of Corrections at Hill Correctional Center ("Hill"). According to the allegations of the complaint, Hamilton's constitutional rights were violated by the Defendants when Hamilton was incarcerated at Stateville Correction Center ("Stateville"). Specifically, Hamilton asserts that on May 26, 2005, Defendants deliberately set a fire in the cell

house at Stateville and failed to provide assistance when he complained of having trouble breathing. Hamilton sued under 42 U.S.C. § 1983, alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated.

The Illinois Department of Corrections has a formal grievance procedure. A search of all records was performed at the Illinois Department of Corrections Office of Inmate Issues and did not uncover any grievance filed by Hamilton relative to the May 26, incident. Furthermore, searches conducted at the grievance office at both Stateville and Hill also failed to locate a grievance arising out of the incident.

So that the court may readily determine whether genuine issues of material fact exist, Local Rule 56.1 requires the moving party to file with the court a statement of undisputed material facts supported by appropriate citation to the record to which the moving party asserts there is no genuine issue of material fact. The non-movant is additionally required to submit with the court a response to each of the movant's statements of fact and should the non-movant disagree with any of the movant's statements, then the non-movant is required to provide appropriate citation to the record. *See Waldridge v. American Hoechst Corp. et al.*, 24 F.3d 918, 922-23 (7th Cir. 1994).

Hamilton's response to Defendants' 56.1 statement of undisputed facts are unsupported by the record. On October 8, 2008, the Defendants moved for summary

judgment and the court provided Hamilton with a statement regarding Local Rule 56.2 advising of the required procedures for answering Defendants' motion. Moreover, many of Hamilton's statements are speculative, argumentative, or based on hearsay. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 (7th Cir. 2008) (evidence supporting a factual assertion must represent admissible evidence).

Defendants filed the instant motion for summary judgment on Hamilton's complaint because he failed to exhaust available administrative remedies. As Hamilton's response to Defendants' statement of undisputed facts fails to comply with Local Rule 56.2, the court accepts Defendants' facts as true. In addition, Hamilton has not submitted a response to Defendants' motion challenging the legal assertions contained in the motion.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must identify the specific portions of the total record, which it believes establishes the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). This initial burden

may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.*, 477 U.S. at 325, 106 S. Ct. at 2554. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but—"by affidavits or as otherwise provided for in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). With these principles in mind, we turn to the Defendants' motion.

## DISCUSSION

Defendants move for summary judgment on the basis that Hamilton failed to file a grievance relating to the May 26, 2005, incident and did not exhaust administrative

remedies available to him. The Prisoner Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. *See* 42 U.S.C. § 1997e(a). The Supreme Court has held that even when a plaintiff seeks only monetary damages, he must exhaust available administrative remedies prior to the filing of a civil rights action under 42 U.S.C. § 1983. *Booth v. Churner*, 532 U.S. 731, 733-34, 121 S. Ct. 1819, 1821 (2001).

The issue of exhaustion of available administrative remedies is a threshold inquiry for the court. *See Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008). The court determines whether: (a) the prisoner did not exhaust administrative remedies and must go back and exhaust; (b) the prisoner had no opportunity to exhaust administrative remedies (as where prison officials prevent a prisoner from exhausting his remedies) and so he must be given another chance to exhaust; or (c) the failure to exhaust was the prisoner's fault and the case is over. *Id.*

Illinois prison systems have a formal administrative grievance process mandated by law. *See* 20 Ill. Adm. Code § 504.800 *et seq*. When an inmate is unable to resolve an incident, problem, or complaint within sixty days, then he may file a written grievance on a form available at all units of his institution. Grievances are reviewed weekly and findings and recommendations are made in writing by the grievance officer to the warden; the inmate is informed of the decision. 20 Ill. Adm. Code § 504.830.

Generally, grievance officers are prison employees, unless there is an employee directly related to the subject matter of the grievance. 20 Ill. Adm. Code § 504.820. If there is a risk of imminent injury or irreparable harm, the grievance can go directly to the warden. 20 Ill. Adm. Code § 504.840.

In support of their motion for summary judgment, Defendants cite affidavits submitted by Jackie Miller, Tammy Garcia, Amy Eldert, and Lyle Hawkinson. Miller is the chairperson for the Officer of Inmate Issues for the Illinois Department of Corrections, Garcia is a grievance counselor at Stateville, Eldert is a record office supervisor at Hill, and Hawkinson is a grievance officer at Hill. Miller describes that department policy requires inmates to file grievances in accordance with Department Rule 504F which dictates that an inmate must first attempt to resolve a grievance through his counselor. If an inmate remains unsatisfied, then he may submit a written grievance to the grievance officer designated by the Chief Administrative Officer ("CAO"). The grievance officer issues a recommendation to the CAO and the inmate. Should an inmate find this decision unsatisfactory, then he may appeal further to the Director of the Department for review; the Director designates an Administrative Review Board ("ARB") to review the appeal. In emergency situations, such as a substantial risk of imminent bodily injury, the inmate may submit a grievance directly to the CAO.

Each of the witnesses listed above engaged in a search of department records. Miller searched ARB records and discovered that Hamilton did not file a grievance for the May 2005 incident as required by Rule 504F. Garcia reviewed grievance office files at Stateville and was unable to locate any grievance filed by Hamilton relating to the fire in May 2005. Eldert conducted a search of Hamilton's master file at Hill; the master file includes documents from every institution in which the inmate has been housed throughout his incarceration, including grievances. Eldert did not discover any grievances in Hamilton's file concerning the officers' alleged behavior at Stateville in May 2005. According to Hawkinson, had there been a grievance filed by Hamilton, then it would have been stamped and placed in his file.

Nine grievances were found in Hamilton's file, but none of these grievances pertained to a fire at Stateville or Hamilton's alleged breathing difficulties subsequently incurred. In this case, Hamilton did attach a grievance to his complaint, but it was neither signed by a counselor nor stamped by the grievance office. Therefore, Defendants argue it is undisputed that Hamilton failed to exhaust available administrative remedies. As we mentioned earlier, Hamilton has not provided any additional facts nor has he properly answered Defendants' 56.1 statement of undisputed facts. He fails to provide any evidence to refute Defendants' contention. Without any countervailing evidence to dispute whether Hamilton's failure to exhaust was innocent,

the court finds that there is no genuine issue of fact as to the exhaustion of available administrative remedies. Hamilton has not offered the court any support to find that he has complied with the PLRA.

## CONCLUSION

Based on the foregoing, the Defendants' motion for summary judgment is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 18, 2009